```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division
```

| | | |
|---|---|---|
| DILLON NEIL RANSOME, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
|         v. | ) | CIVIL ACTION 1:03cv1096(JCC) |
| | ) | CRIMINAL NO. 1:02cr73(JCC) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Petitioner Dillon Neil Ransome's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. For reasons set forth below, the Court will deny Petitioner's Motion.

### I.  Background

On May 24, 2002, Petitioner pleaded guilty to (i) conspiracy to interfere with commerce by robbery and (ii) use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1951 and 924(c)(1)(A), respectively. The Court accepted Petitioner's plea pursuant to a written plea agreement in which the Government agreed to move to dismiss two additional charges in exchange for Petitioner's guilty plea.

On August 30, 2002, the Court sentenced Petitioner to 33 months of imprisonment for the conspiracy conviction with a consecutive sentence of 84 months for the firearm conviction. On August 28, 2003, Petitioner filed his § 2255 motion, *pro se*,

claiming that his trial counsel was ineffective because he refused Petitioner's request to appeal his sentence as being in excess of the statutory maximum.[1]

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962).  To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Issues raised and fully considered on direct appeal may not be relitigated in a petition under 28 U.S.C. § 2255.  *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).  Where an issue was not raised on direct appeal, review is limited.  The Petitioner must show "both (1) cause excusing his . . . default and (2) actual prejudice resulting from the errors of which he complains."  *United States v. Maybeck*, 23 F.3d 888,

---

[1] The Court has considered Petitioner's other argument, that his robbery of a grocery store for less than $1,000 does not implicate the Commerce Clause, and finds it to be completely without merit.

891 (4th Cir. 1994) (quoting *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).  In order to establish cause, the petitioner must show that "some objective factor external to the defense" prevented the claim from being raised previously.  *McClesky v. Zant*, 499 U.S. 467, 493 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Constitutionally ineffective assistance of counsel, however, is cause.  *Id.* at 494.  Such claims are reviewed under the stringent standard set forth in *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  Having shown cause, Petitioner must still show "actual prejudice" resulting from ineffective assistance of counsel.  *Id.*  The prejudice asserted by a petitioner must amount to a fundamental miscarriage of justice.  *McClesky*, 499 U.S. at 494-95.

### III.  Analysis

Petitioner claims his trial counsel was ineffective because he did not act on Petitioner's request that he file an appeal.  However, as part of his voluntary plea agreement, Petitioner waived his right to appeal any sentence within the maximum provided in the statutes of conviction.

The Court sentenced Petitioner to 33 months of incarceration for the conspiracy conviction, pursuant to 18 U.S.C. § 1951, and a consecutive term of 84 months for the firearm conviction, as required by 18 U.S.C. § 924(c)(1)(A).  The statutory maximum term of imprisonment for these offenses is 240

months for the conspiracy with a mandatory consecutive 84 months for the firearm conviction.  Thus the statutory maximum sentence for Petitioner's convictions is 324 months.

Petitioner's sentence was within the statutory maximum. Accordingly, Petitioner waived his right to appeal his sentence and his attorney properly denied his request that an appeal be filed.

## Conclusion

For the foregoing reasons, the Court will deny Petitioner's Motion to Vacate Sentence Pursuant to 18 U.S.C. § 2255.  An appropriate Order will issue.

September  14, 2005               _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE

4